UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
AVROHOM DIER
on behalf of himself and
all other similarly situated consumers

                         Plaintiff,

        -against-


ASSOCIATED CREDIT SERVICES, INC.

                        Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Avrohom Dier seeks redress for the illegal practices of Associated Credit Services, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Westborough, Massachusetts.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Avrohom Dier*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about September 5, 2019, the Defendant sent the Plaintiff a collection letter seeking to collect on a personal debt.

11.    The Defendant sought to collect on a balance, purportedly owed to National Grid-NY for an account associated with Plaintiff's old address.

12.    Upon the termination of his tenant-lease, the Plaintiff had timely notified National Grid of his move and requested that they terminate his National Grid account.

13.    The plaintiff subsequently paid off the remaining balance owed to National Grid.

14.    The balance that Defendant was seeking to collect was therefore non-existent; Defendant made Plaintiff believe that he in fact owed such an amount to National Grid when it was not the case.[1]

15.    The Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

16.     Section 1692e of the FDCPA states:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt."

17.     Section 1692(f) of the FDCPA states:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

18.     The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

19.     Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

20.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the

---

[2] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in Stonehart v. Rosenthal, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in Stonehart contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit. This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

Defendant.

21.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

22.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

23.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

24.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

25.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

26.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

27.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

28.     As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## <u>AS AND FOR A CAUSE OF ACTION</u>

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

29.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty-eight (28) as if set forth fully in this cause of action.

30.     This cause of action is brought on behalf of Plaintiff and the members of a class.

31.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 5, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to National Grid-NY; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

32.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

      A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

      B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

37.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in his favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action;
    and

C.  Any other relief that this Court deems appropriate and just under the
    circumstances.

Dated: Woodmere, New York
February 6, 2020


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

P.O. Box 5171
Westborough, MA 01581-5171
ADDRESS SERVICE REQUESTED

**ASSOCIATED**
CREDIT SERVICES, INC.

800-962-9898

September 5, 2019

Our Account #: 13785885
Balance Due: $798.02

CR1          357231148

PERSONAL & CONFIDENTIAL
AVROHOM DIER

ASSOCIATED CREDIT SERVICES, INC.
P.O. Box 5171
Westborough, MA 01581-5171

---

***Detach Upper Portion and Return with Payment***

Creditor:              NATIONAL GRID-NY
**Our Account #:**     13785885
Principal Balance:     $798.02
Interest:              $0.00
Fees:                  $0.00
Balance Due:           $798.02
Creditor Account #:

Your account has been listed with our office for collection.

Contact Jason Holiday 800-962-9898.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy abuse or harass.

New York City Department of Consumer Affairs license number - 0932237.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

For your convenience, make your payment on-line at www.payacs.com

OUR TOLL FREE NUMBER IS 800-962-9898

POR FAVOR, CONSULTE EN EL REVERSO LA TRADUCCIÓN EN ESPAÑOL

113_CU04400_CR1

ASSOCIATED CREDIT SERVICES, INC. • 115 Flanders Road, Suite 140, P.O. Box 5171 • Westborough, MA 01581-5171
800-962-9898
Office Hours: Monday through Thursday 8am to 7pm EST, Friday 8am to 5pm EST
Most Saturdays 8 am to 12 pm EST